**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR BAGLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-2212** |
| | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS, INC.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**HODGE, J.** **AUGUST 20, 2026**

Plaintiff Arthur Bagley initiated this civil action against Experian Information Solutions, Inc. ("Experian") by filing a *pro se* Complaint. (ECF No. 2.) He has also filed a new motion to for leave to proceed *in forma pauperis* (ECF No. 8), after his first motion was denied because it lacked sufficient financial information (ECF No. 7). The Court will grant Bagley leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim. The Complaint will be dismissed because he seeks to adjudicate claims barred by the doctrine of claim preclusion. The motion for counsel (ECF No. 3) will be denied as moot.

## I. LITIGATION HISTORY AND FACTUAL ALLEGATIONS[1]

Bagley was a victim of identity theft fraud, which he initially reported to the credit reporting agency Equifax. (ECF No. 2 at 1.) Equifax allegedly complied with requirement that, once a consumer provides an identity theft report and identifies the resulting information, the credit

---

[1] The factual allegations set forth in this Memorandum are taken from Bagley's Complaint ("Compl.") and attached exhibits. (ECF No. 2.) The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

reporting agency must block the information within four business days. (*Id*. at 1–2.) Equifax forwarded the pertinent information to two other credit reporting agencies, TransUnion and Defendant Experian. (*Id*. at 1.) After those two companies allegedly refused to delete the disputed entries, Bagley filed a small claims complaint against them in Philadelphia Municipal Court, demanding removal of the disputed information and $2,000 in damages. *Bagley v. TransUnion*, SC-25-01-30-6686 (MC Philadelphia Jan. 30, 2025) (Docket 1, Petition). Among the claims he raised, Bagley alleged willful defamation of his credit report, failing to correct information after being provided proof of inaccuracy, and violations of the Fair Credit Reporting Act. *Id.* (Docket 2, Statement of Claim). On March 24, 2025, Experian and TransUnion agreed to each pay Bagley $1,000 by May 1, 2025, and to remove four negative accounts from his credit report. *Id*. (Dockets 14, 16, Dispositions). The Municipal Court entered a Judgment by Agreement reflecting these terms. *Id*.

On July 23, 2025, Bagley filed a civil matter in this Court against Experian and one of its litigation analysts, and alleged that Experian failed to pay the agreed-upon $1,000. *See Bagley v. Experian Credit Bureau*, No. 25-3798 (E.D. Pa. (ECF No. 2, Complaint)). He sought to enforce the small claims judgment in this Court. *Id.* (ECF No. 2 at 4.) In a Memorandum and Order entered on September 17, 2025, this Court dismissed the Complaint for lack of subject matter jurisdiction. *Bagley v. Experian Credit Bureau*, No. 25-3798 WL 2671053, at *2–3 (E.D. Pa. Sept. 17, 2025). In the Memorandum, the Court noted that Bagley cited to a provision of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, in his Complaint, but that Bagley's request for relief focused entirely on enforcing the judgment obtained in Municipal Court and did not raise a freestanding FCRA claim. *Bagley*, 2025 WL 2671053, at *2 n.2. The Court noted that, even if he had intended to raise such a claim, it would be barred under the doctrine of res judicata because he previously

litigated his FCRA claim against Experian in the Municipal Court and it had been fully adjudicated. *See id.*; *Bagley*, SC-25-01-30-6686 (Docket 2, Statement of Claim); *id.*, (Docket 14, Disposition).

Bagley returned to federal court and filed this new case on April 2, 2026. (ECF No. 2 at 1.) In his new Complaint, Bagley asserts that Experian failed to observe the procedures of the Fair Credit Reporting Act when it dealt with his report of identity fraud.[2] (*Id.* at 3–4.) Bagley alleges that Experian relied on its automated system to process his identity fraud dispute, resulting in the fraudulent accounts remaining on his credit file for an extended length of time. (*Id.* at 5.) Attached to his Complaint are two "Complaint or Incident" reports of the Philadelphia Police Department and an "Identity Theft Report" of the Federal Trade Commission, both dated from May 2024 and reflecting Bagley's allegations that his former care worker took his credit cards and made unauthorized purchases. (*Id.* at 11–14.) He also includes correspondence dated between May and November 2024 that he apparently sent to and/or received from credit reporting agencies, lenders, and the Consumer Finance Protection Bureau, concerning the alleged identity theft. (*Id.* at 15–28.) In his Complaint, Bagley claims Experian's actions caused him financial harm, emotional and physical distress, and adverse credit decisions. (*Id.* at 5.) He alleges violations of 15 U.S.C. Sections 1681s, 1681c(2), 1681e(b), and 1681(i). (*Id.* at 6.) He seeks money damages. (*Id.* at 7.)

## II. STANDARD OF REVIEW

The Court grants Bagley leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] Bagley uses the name "Experian Credit Bureau" for the defendant in his 2025 case, but uses "Experian Information Solutions" in the present case. The substance of both cases makes clear that he uses both names interchangeably to refer to the same entity, the credit reporting agency Experian.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in Bagley's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

## III. DISCUSSION

Bagley's attempt to bring the claims under the FCRA that were previously alleged and adjudicated in his state court action cannot proceed.[3] The Supreme Court has interpreted the Full

---

[3] To be clear, his present action is precluded by the matter adjudicated in the Municipal Court, not his prior case before this Court at No. 25-3798. The Court dismissed the latter case without prejudice for lack of subject matter jurisdiction, so it was not an adjudication on the merits. *Assoc.*

Faith and Credit Statute "to require federal courts to look to state law to determine the preclusive effect of a prior state judgment." *Sec'y U.S. Dep't of Lab. v. Kwasny*, 853 F.3d 87, 94 (3d Cir. 2017) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380–81 (1985)). Thus, the Court must look to Pennsylvania law to assess whether res judicata would apply. *Id.*; *see also Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) ("In determining the applicability of principles of res judicata, we must give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give."). Under Pennsylvania law, res judicata applies when the prior action and the subsequent action share the following four factors in common: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Turner*, 449 F.3d at 548 (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)).

Here, Bagley alleged "violations of Fair Credit Reporting Act" among his claims in the "Statement of Claims" made against Experian in the Philadelphia Municipal Court. *See Bagley*, SC-25-01-30-6686 (Docket 2, Statement of Claim). That case proceeded to judgment by agreement of the parties that resolved the claims between Bagley and Experian. *Id.* (Docket 14, Disposition- Resolved by ADR). Although he has provided additional factual details about Experian's alleged FCRA violations in the instant matter, Bagley cannot avoid that a court of competent jurisdiction has already entered a final judgment on the merits of his case and, thus, the four *Bearoff* identities are present. *See Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 802

---

*Builders & Contractors W. Pa. v. Comm. College of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023).

(3d Cir. 2017) (*per curiam*) (affirming district court's ruling that res judicata barred FCRA claim when earlier collections action in state court involved same claims and defenses).

Bagley's attempt to assert FCRA claims against Experian is barred on the face of the complaint by the doctrine of res judicata.[4] Accordingly, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Bagley leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The motion for appointment of counsel will be denied as moot. An appropriate Order will be entered separately closing the case.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

[4] "*Res judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006). Although "res judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless apparent on the face of the complaint," a district court may consider prior pleadings and the final judgment in the public record in dismissing an action on res judicata grounds. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 & n.52 (3d Cir. 2016) (citation modified); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings.").